

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 11-cv-7779 |
| FUNDS IN THE AMOUNT OF ) | |
| $220,030.00 IN U.S. CURRENCY, ) | Judge John W. Darrah |
| ) | |
| Defendant, ) | |
| ) | |
| IRA LEBOWITZ, ) | |
| ) | |
| Claimant. ) | |

### MEMORANDUM OPINION AND ORDER

This is an *in rem* action filed by the United States of America as Plaintiff, seeking the forfeiture of $220,030.00 in United States currency (the "Funds") pursuant to 21 U.S.C. § 881(a)(6). Claimant Ira Lebowitz filed a Verified Claim, alleging ownership of the Funds. The United States moves for summary judgment, arguing Lebowitz's claim should be stricken as he fails to meet the jurisdictional requirement of Article III standing. Based on the discussion below, the Government's motion is denied.

### BACKGROUND

The following is taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.[1] The Government filed a Verified

---

[1] Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Rule 56.1(b)(3) then requires the nonmoving party to admit or deny each factual statement proffered by the moving party and to concisely designate any material

Complaint for Forfeiture on November 2, 2011, seeking forfeiture of Funds in the Amount of $220,030.00, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure and pursuant to 21 U.S.C. § 881. (Pl.'s 56.1(a)(3) Statement ¶¶ 1, 21.) On November 11, 2011, the Court issued an arrest warrant *in rem* to be executed by the United States Marshal against the Funds. (*Id.* ¶ 22.) The Government gave notice of this action to all known potential claimants, including Ira Lebowitz, and further posted notice of the proceeding on an official government website for at least 30 consecutive days, pursuant to Rule G(4)(a) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. (*Id.* ¶¶ 23-24.) Claimant Ira Lebowitz filed a Verified Claim as to the Funds on December 14, 2011, asserting he was "the owner of the funds" and that they were "seized from his possession."[2] (*Id.* ¶¶ 2, 16.) Lebowitz claims the right of ownership over the Funds and states he had possession over the Funds at the time they were seized. (*Id.*) Jurisdiction is proper pursuant to 28 U.S.C. §§ 1345 and

---

facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A litigant's failure to dispute the facts set forth in an opponent's statement in the manner dictated by Local Rule 56.1 results in those facts' being deemed admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(b)(3)(C) permits additional material facts to be provided by the nonmoving party. Local Rule 56.1(a)(3) then allows the moving party to submit a concise reply to these additional facts. Rule 56.1 requires statements of facts to consist of short, numbered paragraphs. To the extent that a response to a statement of material fact provides only extraneous or argumentative information, this response will not constitute a proper denial of the fact, and the fact will be admitted. *See Graziana v. Village of Oak Park*, 401 F. Supp. 2d 918, 937 (N.D. Ill. 2005). Similarly, to the extent that a statement of fact contains a legal conclusion or otherwise unsupported statement, including a fact which relies upon inadmissible hearsay, such a fact is disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

[2] Lebowitz is the only individual to have filed a claim as to the Funds, and the time for filing a claim ended January 11, 2012. (Pl.'s 56.1(a)(3) Statement ¶ 25.)

1355(a); venue is proper pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b). (*Id.* ¶¶ 3-4.)

The following is based on the parties' submissions for purposes of resolving the Government's Motion for Summary Judgment only. On August 31, 2011, Lebowitz was stopped by an Illinois State Police Trooper while driving a rental vehicle on Interstate 80. (*Id.* ¶ 5.) Lebowitz, who was traveling alone, handed the Trooper a valid driver's license and a Hertz rental agreement for the vehicle he was driving.[3] (Claimant's 56.1(b)(3) Statement ¶¶ 1-2.) The Trooper asked Lebowitz if he was carrying any guns, drugs, or large sums of money based on his observations of Lebowitz; Lebowitz stated he was not.[4] (Pl.'s 56.1(a)(3) Statement ¶ 6.) Lebowitz consented to a search of the vehicle.[5] (*Id.* ¶ 7; Claimant's 56.1(b)(3) Statement ¶ 3.) Upon searching, the Trooper observed a black bag

---

[3] Claimant Lebowitz filed a Statement of Additional Material Facts pursuant to Local Rule 56.1(b)(3), which provides that a party opposing a motion for summary judgment may submit any additional facts that require a denial of summary judgment. "All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party." L.R. 56.1(a)(3)(B). The Government did not respond to any of Lebowitz's additional material facts; therefore, the facts cited here are deemed admitted.

[4] Lebowitz objects to this statement of fact on the basis that it is supported by what he characterizes as hearsay. However, Lebowitz does not explain the basis for its inadmissibility as hearsay; it would likely be admissible as an admission by a party-opponent. *See* Fed. R. Evid. 801(d)(2).

[5] *See supra* note 4.

in the trunk, and Lebowitz confirmed the bag belonged to him.[6] (*Id.* ¶ 8.) The Trooper noticed two manila envelopes in the black bag and asked Lebowitz what they contained.[7] (*Id.* ¶¶ 9-10.) Lebowitz stated they contained documents, though the Trooper, based on his training and experience, suspected the envelopes contained currency. (*Id.* ¶¶ 10-11.) The Trooper opened one of the envelopes and discovered currency inside.[8] (*Id.* ¶ 12.) The black bag and manila envelopes were detained; then, a canine performed a "sniff test" on the items, which resulted in a positive alert to the presence of narcotics. (*Id.* ¶ 13.) In total, $220,030.00 in United States currency was seized from the black bag and from Lebowitz's person. (*Id.* ¶ 14.) When Lebowitz was asked if the currency belonged to him, he stated he was unsure how to answer because "either way, you are going to take

---

[6] Lebowitz declined to admit, deny, or object to this statement of fact submitted by the Government, instead invoking his Fifth Amendment right of protection against self-incrimination. The Fifth Amendment provides that: "[n]o person shall be compelled in any criminal case to be a witness against himself . . . ." "Not limited to the criminal context, the privilege protects the individual from being compelled "to answer official questions put to him in any . . . proceeding, civil or formal, where the answers might incriminate him in future proceedings." *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387 (7th Cir. 1995) (quotations and citations omitted) (*LaSalle*). A judgment cannot be entered against an individual invoking his Fifth Amendment rights on the mere basis of inferences gathered from his invocation. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). However, in considering facts submitted in support of summary judgment, a party's silence is to "be weighed *in light of other evidence* rather than leading directly and without more to the conclusion of guilt or liability." *LaSalle*, 54 F.3d at 391 (emphasis in original). Here, Lebowitz filed a response where he submits the "undisputed facts" of the case but indicates that he "asserted his Fifth Amendment rights in response to a number of the government statements of material fact. He realizes that those facts will be deemed admitted for purposes of this motion." (Claimant's Resp. at 2 n.1.) Therefore, the Government's material facts upon which Lebowitz invoked his Fifth Amendment right will be considered with all other evidence submitted.

[7] *See supra* note 6.

[8] *See supra* note 6.

it."[9] (*Id.* ¶ 15.) After Lebowitz was arrested, he signed a Waiver of Rights Form. (Claimant's 56.1(b)(3) Statement ¶ 11.)

After filing his Verified Claim to the Funds, Lebowitz filed an answer to the Government's Verified Complaint. (Pl.'s 56.1(a)(3) Statement ¶ 17.) On or about January 9, 2012, Lebowitz answered, under oath, Special Interrogatories issued by the Government pursuant to Rule 6(C) of the Supplemental Rules for Certain Admiralty and Maritime Claims. (*Id.* ¶ 18.) Lebowitz also objected to some of the interrogatories and asserted his Fifth Amendment right against self-incrimination as to interrogatories 3, 5, 6, 7, and 8; he also asserted his Fifth Amendment right as to the United States Rule 33 Interrogatories and Rule 34 Request to Produce. (*Id.* ¶ 19.) On March 16, 2012, Lebowitz's attorney informed the Government that Lebowitz would assert his Fifth Amendment right against self-incrimination in response to questions asked of him at a deposition. (*Id.* ¶ 20.)

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory

---

[9] *See supra* note 6.

pleadings but, rather, "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not enough to oppose a motion for summary judgment, nor is a metaphysical doubt as to the material facts. *Robin v. Espo Eng. Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (citations omitted). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Anderson*)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255). The court does not make credibility determinations or weigh conflicting evidence.[10] *Id.*

In an *in rem* forfeiture action, the claimant bears the burden of establishing constitutional standing. *United States v. $271,070.00 in United States Currency*, Case No. 96-CV-239, 1997 WL 94722, at *3 (N.D. Ill. March 3, 1997). Standing is typically found where a claimant is either the colorable owner or has a colorable possessory interest in the property at issue. *Id.* During summary judgment, a claimant must prove this ownership or possessory interest by a preponderance of the evidence in order to

---

[10] *See supra* note 1.

establish that a case or controversy exists in federal court. *United States v. $148,840.00 in United States Currency*, 521 F.3d 1268, 1273 (10th Cir. 2008).

## ANALYSIS

The Government seeks to have the Funds seized from Lebowitz forfeited pursuant to 21 U.S.C. § 881(a)(6), which provides that "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance . . ." be forfeited to the Government and that no property right shall exist in them. Lebowitz filed a Verified Claim, alleging to be the possessor and owner of the Funds. Supplemental Rule G(8)(c) for Admiralty or Maritime Claims and Forfeiture Actions provides that the Government may move to strike Lebowitz's claim because he lacks standing; this motion may be presented as a motion for summary judgment "whether the claimant can carry the burden of establishing standing by a preponderance of the evidence."

This action involves two types of standing: Article III standing and statutory standing.

> To contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing, otherwise there is no "case or controversy." With respect to statutory standing, once the procedural rules of Fed.R.Civ.P. Supp. Rule C(6) are met, a claimant has standing to defend the forfeiture.

*United States v. $271,070.00 in United States Currency*, Case No. 96-CV-239, 1997 WL 94722, at *3 (N.D. Ill. March 3, 1997) (quoting *United States v. $103,387.27*, 863 F.2d 555, 560 n.10 (7th Cir. 1988)). Statutory standing is met by simply complying with Supplement Rule G(5), by filing a verified claim, identifying the claimant and interest.

Here, the Government does not contest Lebowitz's statutory standing but, rather, his Article III standing, which is a jurisdictional requirement.

To survive a summary judgment motion as to his Article III standing, Lebowitz must put "forth by affidavit or other evidence specific facts to support [his] claim" of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). As a claimant, Lebowitz must establish "a legally cognizable interest in the property that will be injured if the property is forfeited to the government. . . . No Claimant must necessarily assert ownership, for a possessory interest may suffice to establish standing." *United States v. $271,070.00 in United States Currency*, Case No. 96-CV-239, 1997 WL 94722, at *3 (N.D. Ill. March 3, 1997) (citations omitted).

However, the Government argues that because Lebowitz responded to Special Interrogatories, Rule 33 Interrogatories, and the possibility of a live deposition by invoking his Fifth Amendment right against self-incrimination, Lebowitz is unable to establish his Article III standing. "[B]ald assertions of an ownership interest or possessory interest at the time of seizure, if lacking in evidentiary support, are insufficient to establish the requisite legal interest." *United States v. $271,070.00 in United States Currency*, Case No. 96-CV-239, 1997 WL 94722, at *3 (N.D. Ill. March 3, 1997).

Lebowitz responds that he asserted an ownership interest in the Funds and that the Funds were found in his possession and control; therefore, Lebowitz contends, he has established standing. The facts presented in this case are similar to the Tenth Circuit case, *United States v. $148,840 in U.S. Currency*, 521 F.3d 1268. There, the claimant,

David Austin, was driving a rental car, and the Government, after a search, seized funds found in Austin's rental car. *Id.* A district court ruled that Austin lacked the standing to pursue a claim on the currency seized, stating Austin failed to provide evidence to support his claim of an ownership interest in the currency. The Tenth Circuit reversed that ruling and held instead, "an allegation of ownership and some evidence of ownership are together sufficient to establish standing to contest a civil forfeiture." *Id.* at 1275 (quoting *United States v. United States Currency $81,000.00, etc.*, 189 F.3d 28, 35 (1st Cir. 1999)).

The reasoning in that case and the others cited by the Tenth Circuit is instructive in resolving the issue currently before the Court. In Lebowitz's Verified Claim, he "states that the funds belonged to him and that he is the owner of the funds. The funds were seized from his possession, specifically out of a case he owned that was in the trunk of a car rented in his name." (Verified Claim.) Likewise, here, Lebowitz's claim clearly and unequivocally asserts ownership and possession of the Funds. Moreover, other facts provide further evidence of ownership or possession. The currency was found in a rental car rented in his name, and Lebowitz, when asked if the currency was his, did not deny ownership but equivocated and stated that "either way you are going to take it." This response supports the inference that Lebowitz was aware of the currency found in the car and that it was in his possession.

In light of Lebowitz's stated claim of ownership and the evidence submitted, Lebowitz meets the basic burden that he has Article III standing. Lebowitz asserts that the Funds were in his ownership or possession. The facts, considered in their totality,

establish, by a preponderance of the evidence, that Lebowitz has, at the very least, a colorable possessory interest in the Funds. Thus, he would be aggrieved if the Funds were forfeited to the Government.

## CONCLUSION

Therefore, the Government's Motion for Summary Judgment [21] is denied, as Claimant Lebowitz has the standing to pursue his claim over the Funds at issue.

Date: October 16, 2012

JOHN W. DARRAH
United States District Court Judge